ORIGINAL

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

ABSOLUTE HEALTHCARE D/B/A CURALEAF ARIZONA )
)   Nos. 22-1320
                Petitioner/Cross-Respondent )        23-1009
)
v. )
)   Board Case No.
NATIONAL LABOR RELATIONS BOARD )   28-CA-267540
)
                Respondent/Cross-Petitioner )

JUDGMENT

Before:   MILLETT and WALKER, *Circuit Judges* and
GINSBURG, *Senior Circuit Judge.*

THIS CAUSE came to be heard upon a petition filed by Absolute Healthcare d/b/a Curaleaf Arizona to review an Order of the National Labor Relations Board dated December 8, 2022, in Case No. 28-CA-267540, reported at 372 NLRB No. 16, and upon a cross-application filed by the National Labor Relations Board to enforce said Order. The Court heard argument from the parties and has considered the briefs and agency record filed in this cause. On May 31, 2024, the Court handed down its opinion granting Absolute Healthcare d/b/a Curaleaf Arizona's petition and granting in part the Board's cross-application for enforcement. In conformity therewith, it is hereby

ORDERED AND ADJUDGED by the Court that Absolute Healthcare d/b/a Curaleaf Arizona, its officers, agents, successors, and assigns, shall abide by the said order as modified by the Court. (See Attached Order and Appendix)

_____
Judge, United States Court of Appeals
for the District of Columbia Circuit

_____
Judge, United States Court of Appeals
for the District of Columbia Circuit

_____
Judge, United States Court of Appeals
for the District of Columbia Circuit

ENTERED:

ABSOLUTE HEALTHCARE D/B/A CURALEAF ARIZONA

v.

NATIONAL LABOR RELATIONS BOARD

ORDER

Absolute Healthcare d/b/a Curaleaf Arizona, Gilbert, Arizona, its officers, agents, successors, and assigns, shall

1. Cease and desist from

   (a) Promising employees benefits to discourage them from supporting United Food and Commercial Workers Local 99 (the Union) or any other labor organization.

   (b) Creating the impression that it is engaged in surveillance of its employees' union or other protected concerted activities.

   (c) Threatening employees with loss of tips if they select the Union as their bargaining representative.

   (d) In any like or related manner interfering with, restraining, or coercing employees in the exercise of their rights guaranteed by Section 7 of the Act.

2. Take the following affirmative action necessary to effectuate the policies of the Act.

   (a) Post at its Gilbert, Arizona facility copies of the attached notice marked "Appendix."[1]  Copies of the notice, on forms provided by the Regional

---

[1] If the facility involved in these proceedings is open and staffed by a substantial complement of employees, the notices must be posted within 14 days after service by the Region. If the facility involved in these proceedings is closed or not staffed by a substantial complement of employees due to the Coronavirus Disease 2019 (COVID-19) pandemic, the notices must be posted within 14 days after the facility reopens and a substantial complement of employees have returned to work. If, while closed or not staffed by a substantial complement of employees due to the pandemic, the Respondent is communicating with its employees by electronic means, the notice must also be posted by such electronic means within 14 days after service by the Region. If the notice to be physically posted was posted electronically more than 60 days before physical posting of the notice, the notice shall state at the bottom that "This notice is the same notice previously [sent or posted] electronically on [date]."

1

Director for Region 28, after being signed by the Respondent's authorized representative, shall be posted by the Respondent and maintained for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted. In addition to physical posting of paper notices, the notices shall be distributed electronically, such as by email, posting on an intranet or an internet site, and/or other electronic means, if the Respondent customarily communicates with its employees by such means. The Respondent shall take reasonable steps to ensure that the notices are not altered, defaced, or covered by any other material. If the Respondent has gone out of business or closed the facility involved in these proceedings, the Respondent shall duplicate and mail, at its own expense, a copy of the notice to all current employees and former employees employed by the Respondent at any time since July 27, 2020.

(b) Within 21 days after service by the Region, file with the Regional Director a sworn certification of a responsible official on a form provided by the Region attesting to the steps that the Respondent has taken to comply.

# APPENDIX

## NOTICE TO EMPLOYEES

### POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD
An Agency of the United States Government

The National Labor Relations Board had found that we violated Federal labor law and has ordered us to post and obey this notice.

**FEDERAL LAW GIVES YOU THE RIGHT TO**
Form, join, or assist a union
Choose representatives to bargain with us on your behalf
Act together with other employees for your benefit and protection
Choose not to engage in any of these protected activities

WE WILL NOT promise benefits to you by telling you that you will obtain increased employee discounts in order to discourage you from supporting the Union.

WE WILL NOT create the impression that we are engaged in surveillance of your union or other protected concerted activities.

WE WILL NOT threaten you with losing your tip compensation if you select the Union as your bargaining representative.

WE WILL NOT in any like or related manner interfere with the rights listed above.

ABSOLUTE HEALTHCARE D/B/A CURALEAF